Curia, per

Waejdlaw, J.
In this case the testimony is all in writing, given by witnesses residing in Mississippi, who have been examined by commission, and were unknown to the jury, as they are to this court.
Besides the facts stated in the report, it may be observed that the plaintiff has the rights of Gillespie, and no more; that the land was examined by the parties to the contract before the bargain was made; that when the notes were signed, Gillespie, who was entitl ed to a patent for the land, but had not received it, executed to Dunn and Gadberry, '.(as it would appear, according to the laws of Mississippi, in some office of record,) what is called an agreement of bargain and sale, stipulating for further assurance by him, and quiet enjoyment by them; and that Hinson’s spring is half a mile from the mill seat, and his line was within two hundred yards of the seat.
If the defence set up can prevail, no stronger authority for it can be found than the case of the State vs. Gaillard, 2 Bay, 11. But in that case the purchaser, without examination of the land, bought in entire reliance upon a plat exhibited by the seller, which contained a misrepresentation of the material object of the purchaser. Although the decision itself has often been cited and approved, the application to sales of land which, in the opinion pronounced in it, was made of the civil law rule, that a sound price raises an implied warranty, has not received sanction for many *105 years, and was expressly overruled in the late case of Evans vs. Dendy, 2 Spears, 11. The case of Means vs. Brickell, 2 Hill, 657, relied on by the defendant, in fact only decided that a new trial should be had, because the presiding Judge had held that no misrepresentation\ however injurious and however much the defendant may have been misled by it, should avail, even to procure an abatement of price, if it was made through mistake and not with fraudulent intention. In the opinion pronounced, the distinctions» between matters of fact and matters of opinion, and that between matters peculiarly within the knowledge of the seller, and those upon which the buyer has the means of exercising his judgment, are recognized and enforced; and it is held that “ proof of the misrepresentation or mistake ought to be full, clear and explicit.”
It appears to this court that, in the present case, the attention of the jury has not been directed sufficiently to the distinctions above mentioned. The law abhors fraud, but it enforces contracts against those who lose by them, no less than against those who gain. It expects care and prudence from contracting parties, and has regard to the selfish nature of man, which prompts the seller to praise and the buyer to depreciate the subject of bargain. It would itself become the instrument of fraud if it • should permit a party, who has been disappointed of his anticipated profits, to evade the performance of his agreement upon trivial excuses and slight proof.
When the buyer, without adequate means for forming his own judgment,, relies upon the representations of the seller, then these representations must be fair and full. Where material facts are such as, from his situation, may well be presumed to be within the knowledge of the seller, then, misrepresentations of such facts, through fraud or mistake, by which the buyer is misled, will form just grounds of complaint by the buyer. But as to matters of opinion, upon which a prudent man does not take the opinion of the seller, even falsehood spoken by the seller will not vitiate a contract; nor will such falsehood, as to matters of fact not presumed to be peculiarly known to the seller, upon which the buyer has the means of exercising his own *106 judgment, unless it be such as is calculated to lull the suspicions of a careful man. Suppression of truth may be often ungenerous and immoral, and yet violate no perfect obligation of which the law can take notice. Where the buyer examines for himself and has the means of forming .his own judgment, he cannot be permitted to resist the obligation of his contract, because the seller did not disclose what he himself might have discovered, and what a prudent man would have discovered. He cannot complain because in the trial of judgment and contest of puffing and cheating which has resulted in a bargain, the seller, making no misrepresentation of matters peculiarly within his knowledge, and using no unfair artifices, has taken care of one side and left the other to the buyer.
If, then, Gillespie knew that no mill dam could be made without overflowing the lands of Hinson and Bird, and made no mention of the matter, this concealment, alone, was not of itself a fraud such as discharged the purchaser from performance. Farther inquiries should have been made. Had the purchasers the opportunity of discovering this matter? Did they regard it as material? Did they rely on Gillespie for information concerning it? Did he use any artifice to prevent their discovery of the truth ? Were they deceived by his silence ? Can it be supposed that they examined the land, and did not enquire where the lines ran? that they judged of a mill seat and could not perceive whether the dam would throw the water back two hundred yards ? that they looked and talked about the site and risked so large a sum in the purchase of it, yet had no thought about the pond ? It was their duty, if they had been imposed upon, to relinquish the bargain as soon as they discovered the imposition ; but instead of that, they built the mill and dam with their own hands, in sight of the lands to be overflowed, repaired over and over again after floods, rebuilt once themselves, leased to a tenant who rebuilt again, bargained with Hinson about the damages done to him, and in all this time, so far as the testimony shows, made no complaint about the pond. These acts amount to a waiver of all right now to urge a rescission upon the ground of deception, as to a material circumstance, which *107 seems, for a long time, to have been deemed of so small an account.
A bargain solemnly expressed in writing should not be lightly set aside for alleged misrepresentation as to a matter not contained in the writing. The whole testimony here, of concealment, is that given by Hinson, and consists of his exact remembrance of words used by Gillespie in a casual conversation. No species of testimony is so easily fabricated, none is so liable to unintentional errors, as the declarations of parties thus established. A slight misrepresentation of what was said, or minute variation of phrase in repeating it, will often seriously affect the meaning. Such evidence, when depending upon a single instance, proved by a single witness, seems not to be the “full, clear and explicit proof,” required in the case of Means and Brickell.
Upon these considerations it then seems, to a majority of this court, proper to send the case back for another trial, upon further directions.
The motion is therefore granted.
Richardson, Butler and Frost, JJ. concurred.